United States District Court
Southern District of Texas
**ENTERED**
August 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY WADE BROOKS II, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-20-2748 |
| | § | |
| HARRIS COUNTY SHERIFF'S OFFICE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Gregory Wade Brooks (SPN 02753347) is an inmate in custody of the Harris County Jail. Plaintiff filed this civil action under 42 U.S.C. § 1983 alleging, generally and without elaboration, that he does not feel safe in Jail because of coronavirus and his charges. Doc. No. 1. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*. Doc. No. 2. After reviewing the pleadings and relevant court records, the Court concludes that this case must be dismissed without prejudice under 28 U.S.C. § 1915(g).

**I.    DISCUSSION**

Under the "three strikes" provision in 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, unless he is in "imminent danger of serious physical injury." *Id.* Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Plaintiff has filed numerous frivolous lawsuits and has accumulated several strikes while he has been incarcerated. *See, e.g., Brooks v. Harris County Jail*, Civ. No. H-18-1219 (S.D. Tex. Apr. 23, 2018) (dismissing with prejudice for failure to state a claim); *Brooks v. Harris County Jail*, Civ. No. H-18-1408 (S.D. Tex. May 7, 2018) (dismissing case with prejudice as malicious); *Brooks v. Harris County Jail*, Civ. No. H-18-2076 (S.D. Tex. July 16, 2018) (dismissing case with prejudice as malicious).

The pleadings in this case do not show that Plaintiff is under imminent danger of serious physical injury or that he fits within the exception found in 28 U.S.C. § 1915(g). Although he expresses a general fear based on the coronavirus, "[g]eneral allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Valdez v. Bush*, Civ. A. No. 3-08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (citations omitted); *see also VanDyke v. La. Dep't of Corr.*, Civ. A. No. 20-0448, 2020 WL 1869016 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release or transfer) (citing cases); *Littlejohn v. Whitmer*, 2020 WL 1685310, at *3 (W.D. Mich. April 7, 2020) (plaintiff failed to allege imminent danger where the conditions of confinement did not place him in any greater risk than the general public and did not claim a particularized risk of imminent physical harm); *Johnson v. Wilcher*, No. CV420-089, 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020) (imminent danger exception to section 1915(g) did not apply based on a general fear of contracting COVID-19 in the prison). The Court has examined the pleadings and finds no showing of imminent danger of serious bodily injury to fall within the exception set forth in 28 U.S.C. § 1915(g). Therefore, Plaintiff is barred from proceeding *in forma pauperis* in any civil rights case while incarcerated and this case must be dismissed.

## II. ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is **DENIED**.

2. This case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

3. Plaintiff may move to reopen this case only if he pays the filing fee of $400.00 within thirty days of the date of this Order.

4. Any and all pending motions are **DENIED** as **MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this ___28th___ day of August 2020.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE